UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

GILL HOLDING COMPANY, INC.,

        Plaintiff,

                      Case No.

vs.

SUMMIT PARTNERS CREDIT ADVISORS,
L.P.,

        Defendant.

## NOTICE OF REMOVAL

Defendant Summit Partners Credit Advisors, L.P. ("Defendant") hereby removes this action to this Court pursuant to 28 U.S.C. § 1441(b) and § 1446 on the ground that this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a). In support hereof, Defendant states as follows:

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. On March 12, 2018, Plaintiff Gill Holding Company, Inc. ("Plaintiff") filed a Complaint, styled *Gill Holding Company, Inc. v. Summit Partners Credit Advisors, L.P.*, Case No. 18-02301-CBB, in the Kent County (17th) Circuit Court of the State of Michigan ("State Court").

2. The Complaint sets forth causes of action for declaratory judgment concerning a contract between Plaintiff and Defendant.

3. On March 13, 2018, Defendant's counsel was emailed a copy of the Summons and Complaint by Plaintiff's counsel. Copies of the Summons and Complaint are being filed

8451.101/Index#36

with the entire State Court Record as Exhibit 1 (copies of all process, pleadings, and orders received by Removing Defendants are attached).

## TIMELINESS OF REMOVAL

4. This Notice of Removal has been filed within thirty (30) days after Defendant received Plaintiff's Summons and Complaint. Therefore, this removal has been filed timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

5. Defendant removes this case to this Court on the basis of diversity of citizenship, and the United Stated District Court for the Western District of Michigan has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

6. A district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a).

7. Generally, the facts stated in the Complaint will determine whether or not the jurisdictional requirements have been met. *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir. 2006), c*iting Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 155-58 (6th Cir. 1993).

## DIVERSITY OF CITIZENSHIP

8. There was, at the time the lawsuit was filed, and is diversity of citizenship between the parties. *See Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

9. Defendant is informed and believes, as alleged by Plaintiff in the Complaint, that Plaintiff was, at the time this action was commenced, and still is a corporation organized under the laws of Michigan and with its principal place of business in the State of Michigan. As such, Plaintiff is a resident and citizen of the State of Michigan. (*See* Exhibit 1, Complaint, ¶ 2; *see also* Declaration of Joseph P. Rockers ¶ 4[1]).

10. A company or entity that is not a corporation takes the citizenship of its members. *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016). For a limited partnership, the members are the general and limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990).

11. At the time Plaintiff filed its Complaint and presently, Defendant has been a limited partnership organized under the laws of the State of Delaware. (Rockers Decl. ¶ 5).

12. The general and limited partners of Defendant are, for purposes of diversity jurisdiction, 28 U.S.C. § 1332, citizens of the States of California, Connecticut, Florida, Hawaii, Illinois, Massachusetts, New York, Pennsylvania, and Texas and of the foreign states of Germany, Hong Kong, and the United Kingdom. (Rockers Decl. ¶ 6). None of the members of Defendant are citizens of the State of Michigan. (Rockers Decl. ¶ 6). Therefore, there is complete diversity between Plaintiff and Defendant in this action.

**AMOUNT IN CONTROVERSY**

13. The amount in controversy in this action exceeds the sum of $75,000.00. 28 U.S.C. § 1332(a). "[F]or actions seeking a declaratory judgment, [the Court] measure[s] the amount in controversy by 'the value of the object of the litigation.'" *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770 (6th Cir. 2009) (citation omitted). *See also*

---

[1] The Declaration of Joseph P. Rockers will be cited hereinafter as "(Rockers Decl. ¶ ___)," and is attached hereto as Exhibit 2.

28 U.S.C. § 1446(c)(2)(A)(i).

14. The allegations in Plaintiff's Complaint demonstrate that more than $75,000.00 is at issue: Plaintiff seeks to avoid "millions of dollars in fees" that it claims "Gill does not owe" Summit, including an "alternative transaction fee." (*See* Exhibit 1, Complaint ¶¶ 1, 42). The referenced "alternative transaction fee" Plaintiff seeks to avoid exceeds $1,000,000 in amount. *See* 28 U.S.C. § 1446(c)(2)(A)(i). Thus, the "value of the object of the litigation," well exceeds $75,000.00.

## **VENUE IS PROPER**

15. Venue of this action lies in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because Plaintiff's State Court action was filed in this district and division, and Plaintiff alleges that a substantial part of the events or omissions giving rise to this action arose in this the judicial district.

## **NOTICE TO ALL PARTIES AND STATE COURT**

16. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be served promptly on Plaintiff's counsel and filed with the Clerk of the Kent County (17th) Circuit Court of the State of Michigan. A form of the Notice of Filing of Notice of Removal to be filed in the State Court is attached here as Exhibit 3. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

WHEREFORE, Defendant removes this action to the United States District Court for the Western District of Michigan.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI, PC**

By: /s/Kevin J. O'Dowd
Kevin J. O'Dowd (P39383)
Thomas J. Vitale (P74083)
Attorneys for Defendant
40 Pearl Street NW, Suite 400
Grand Rapids, MI 49503
(616) 552-6400
kodowd@kotzsangster.com
tvitale@kotzsangster.com

Dated: March 21, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March, 2018, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** via U.S. Mail, postage prepaid on the following:

> James R. Peterson (P43102)
> Christopher J. Schneider (P74457)
> Miller, Johnson, Snell & Cummiskey, P.L.C.
> 45 Ottawa Ave. SW, Suite 1100
> Grand Rapids, MI 49503
>
> ATTORNEY FOR PLAINTIFF

s/Kevin J. O'Dowd