# Exhibit 1

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>Kent County (17th) Circuit Court | **SUMMONS AND COMPLAINT** | | **CASE NO.**<br>18-    -CB $\mathcal{B}$ |

Court address: 180 Ottawa NW, Ste. 2400, Grand Rapids, MI 49503-2703

Court telephone no.: (616) 632-5220

Plaintiff's name(s), address(es), and telephone no(s).

GILL HOLDING COMPANY, INC.
5271 Plainfield NE
Grand Rapids, MI 49525

v

Defendant's name(s), address(es), and telephone no(s).

SUMMIT PARTNERS CREDIT ADVISORS, LP
222 Berkeley Street
Boston, MA 02116

Plaintiff's attorney, bar no., address, and telephone no.

James R. Peterson (P43102)
Christopher J. Schneider (P74457)
MILLER JOHNSON
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700

CHRISTOPHER P. YATES
(P-41017)

**SUMMONS**   NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file an answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>MAR 1 2 2018 | This summons expires<br>JUN 1 0 2018 | Court clerk<br>LISA POSTHUMUS LYONS |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains   ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains   ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Kent County, MI | Defendant(s) residence (include city, township, or village)<br>Boston, MA |
|---|---|
| Place where action arose or business conducted<br>Kent County, MI | |

March 12, 2018
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

MJ_DMS 29523851v1 31749-11

STATE OF MICHIGAN

KENT COUNTY (17th) CIRCUIT COURT

GILL HOLDING COMPANY, INC., a
Michigan corporation,

                Plaintiff,

vs

SUMMIT PARTNERS CREDIT
ADVISORS, L.P. a New York limited
partnership,

                Defendant.

Case No. 18- 02301-CBB

HON. CHRISTOPHER P. YATES
(P-41017)

James R. Peterson (P43102)
Christopher J. Schneider (P74457)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700

## COMPLAINT

Plaintiff, Gill Holding Company, Inc. ("Gill") states:

1. This is a declaratory judgment action. Defendant, Summit Partners Credit Advisor, L.P. ("Summit") has improperly contended that it has an exclusive right of unlimited duration to provide financing to Gill and has improperly demanded that Gill cease any attempts to pursue alternative financing. Summit is wrong. The exclusivity obligation was limited to 90 days and later extended at Summit's request to 150 days. After that, the exclusivity obligation expired. As a result, Gill is free to pursue alternative financing. Based upon the unreasonable and unsupported position taken by Summit, Gill is also justifiably concerned that Summit will assert an unsupported and inflated claim for expenses allegedly associated with the failure of the parties

to close a financing transaction. Simply stated, Summit is trying to strong-arm Gill into paying millions of dollars in fees that Gill does not owe.

## Parties

2.  Gill is a Michigan corporation that, among other things, supplies automotive parts to the automotive industry. Gill's headquarters is in Grand Rapids, Michigan.

3.  Summit is a New York limited partnership. Summit does business in Michigan.

## Jurisdiction and Venue

4.  This Court has subject matter jurisdiction because the amount in controversy, exclusive of interest and costs, exceeds $25,000.

5.  Venue is proper because a substantial part of the events or omissions giving rise to this action occurred in this county, because Defendant has conducted and continues to conduct business in this county, and Gill is headquartered in this county.

## Background

6.  Beginning in 2016 and continuing into 2017, Gill contemplated selling its business. To facilitate that potential sale, Gill engaged Deloitte Corporate Finance, LLC ("Deloitte") to find a buyer.

7.  Deloitte identified potential buyers for Gill, including Jimmie Comer ("Comer").

8.  Comer engaged Davis Capital Advisors, LLC ("Davis") as his broker for the potential transaction with Gill.

9.  Gill and Comer, through his entity Augusta Acquisition Company, LLC ("Augusta"), entered into a letter of intent in August 2017 ("LOI") for a potential sale of Gill to

Augusta. However, Comer needed to obtain both debt and equity financing to complete the contemplated transaction.

10. As Comer's broker, Davis helped Comer seek both debt and equity financing for the potential transaction, including possible debt financing from Defendant Summit Partners Credit Advisors, L.P. ("Summit").

11. On May 26, 2017, Summit and Davis entered into a Confidentiality Agreement (the "Confidentiality Agreement").

12. The Confidentiality Agreement is a routine agreement to protect confidential information provided by Augusta, or by Davis on behalf of Augusta, to Summit.

13. Gill was not a party to the Confidentiality Agreement.

14. The Confidentiality Agreement did not require Gill to pay any fee to Davis or Summit. And it did not in any way prohibit Gill from obtaining financing from Summit or others in a later transaction.

15. The transaction contemplated by the LOI was not timely consummated because Comer/Augusta was not able to obtain debt and equity financing consistent with the terms of the LOI within the time provided under the LOI.

16. When the potential sale did not close as contemplated by the LOI, JP Morgan Chase Bank N.A. ("Chase"), one of Gill's lenders, decided that it no longer wanted to finance Gill. Accordingly, Gill needed to refinance its loan with Chase on an expedited basis.

17. Gill again engaged Deloitte, this time to find a new lender to replace Chase.

18. Deloitte identified a number of parties, including Summit, as potential lenders who could refinance the loan.

19. Summit is a Boston-based private equity investment firm that invests in a broad range of companies in North America and Europe. Upon information and belief, Summit has raised more than $20 billion in capital through multiple equity and fixed income funds.

20. In other words, Summit is a major, global equity investment firm that regularly provides financing to companies.

21. Gill began to work with Summit as a potential lender to refinance Gill.

22. Accordingly, Gill and Summit entered into a term sheet dated September 21, 2017 (the "Term Sheet") to outline certain terms to be included within a definitive agreement for proposed financing. A copy of the Term Sheet, which purports to be confidential, is in the possession of Summit.

23. The Term Sheet contained a 90-day exclusivity provision. The Term Sheet obligated Gill to pay Summit an "alternative transaction fee" if, within 90 days after execution of the Term Sheet, Gill entered into a financing arrangement with a party other than Summit.

24. On January 12, 2018, recognizing that the exclusivity period had expired, Summit requested Gill to agree "to extend the exclusivity per our 9/21/17 term sheet" from 90 to 150 days.

25. On January 17, 2018, Gill agreed to "modify the 9/21/17 term sheet with Summit regarding exclusivity from 90 days to 150 days."

26. Despite this extension, the parties were unable to reach an agreement on the terms of the financing, including appropriate financial covenant levels.

27. Summit failed to provide financing to Gill within the exclusivity period of 150 days.

28. As a result, Gill sought alternative financing as it was permitted to do under the Term Sheet.

29. Summit has wrongfully demanded that Gill cease any attempts to pursue alternative financing.

30. Summit has also threatened legal action against Gill, including seeking injunctive relief (to which it is not entitled) to prevent Gill from consummating an alternative financing transaction.

31. If Gill is prevented from closing alternative financing, as threatened by Summit, Gill will be irreparably harmed.

32. Because Summit is making improper and unsupported demands, Gill brings this declaratory action to resolve the parties' rights and responsibilities.

## Count I – Declaratory Judgment

33. Gill incorporates by reference the preceding paragraphs.

34. Summit has improperly demanded that Gill cease any attempts to pursue alternative financing and has threatened legal action against Gill.

35. But, as Summit knows (and has acknowledged in writing), the exclusivity period in the Term Sheet expired after 90 days, and was then extended to 150 days.

36. Summit has no basis to contend that the exclusivity period has not expired and no basis to demand that Gill not pursue alternative financing.

37. Summit has no basis to demand payment of an alternative transaction fee.

38. Summit also has no basis to inflate a claim for expenses associated with its attempt to finance a transaction with Gill.

39. The facts and circumstances of this case present an actual controversy regarding the contractual and legal rights and obligations of the parties.

5

40. The rights of the parties can only be determined by a declaratory judgment.

41. Gill is entitled to a declaratory judgment stating: (a) the exclusivity period expired 150 days after September 21, 2017; (b) Gill is not prohibited from pursuing and closing alternative financing; (c) Gill does not owe any alternative transaction fee to Summit; and (d) Summit is not entitled to any expenses associated with the failed transaction other than amounts provided in the Term Sheet.

42. **Therefore**, Gill requests that this Court declare: (a) the exclusivity period expired 150 days after September 21, 2017; (b) Gill is not prohibited from pursuing and closing alternative financing; (c) Gill does not owe any alternative transaction fee to Summit; and (d) Summit is not entitled to any expenses associated with the failed transaction other than amounts provided in the Term Sheet.

MILLER JOHNSON

Attorneys for Plaintiff

Dated: March 12, 2018

By _____
James R. Peterson (P43102)
Christopher J. Schneider (P74457)
Business Address:
    45 Ottawa Avenue SW, Suite 1100
    Grand Rapids, MI  49503
Telephone:  (616) 831-1700

STATE OF MICHIGAN

KENT COUNTY (17th) CIRCUIT COURT

GILL HOLDING COMPANY, INC., a
Michigan corporation,

          Plaintiff,

vs

SUMMIT PARTNERS CREDIT ADVISORS,
L.P. a New York limited partnership,

          Defendant.

Case No. 18-02301-CBB

HON. CHRISTOPHER P. YATES
(P-41017)

---

James R. Peterson (P43102)
Christopher J. Schneider (P74457)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700

---

### PLAINTIFF'S MOTION FOR SPEEDY HEARING

Plaintiff moves pursuant to MCR 2.605(D) for a speedy hearing on the declaratory relief sought in its Complaint for the reasons detailed in the accompanying brief.

          MILLER JOHNSON
          Attorneys for Plaintiff

Dated: March 12, 2018

By _____
    James R. Peterson (P43102)
    45 Ottawa Avenue SW, Suite 1100
    Grand Rapids, Michigan 49503
    (616) 831-1700
    petersonj@millerjohnson.com

MJ_DMS 29524075v1 71708-1

STATE OF MICHIGAN

KENT COUNTY (17th) CIRCUIT COURT

GILL HOLDING COMPANY, INC., a
Michigan corporation,

                Plaintiff,

vs

SUMMIT PARTNERS CREDIT ADVISORS,
L.P. a New York limited partnership,

                Defendant.

Case No. 18-02301-CBB

HON. CHRISTOPHER P. YATES
(P-41017)

James R. Peterson (P43102)
Christopher J. Schneider (P74457)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700

**PLAINTIFF'S BRIEF SUPPORTING MOTION FOR SPEEDY HEARING**

**INTRODUCTION**

Plaintiff, Gill Holding Company, Inc. ("Gill") filed a complaint for declaratory judgment. Defendant, Summit Partners Credit Advisor, L.P. ("Summit") has improperly contended that it has an exclusive right of unlimited duration to provide financing to Gill and has improperly demanded that Gill cease any attempts to pursue alternative financing.

Summit is wrong. The exclusivity obligation was limited to 90 days and later extended at Summit's request to 150 days. After that, the exclusivity obligation expired. As a result, Gill is free to pursue alternative financing. The facts at issue are detailed in the Complaint. (**Exhibit A.**)

Gill has filed a motion for a speedy hearing because Summit has threatened to file a lawsuit against Gill and to seek injunctive relief to prevent Gill from consummating an

alternative financing transaction. There is simply no basis for Summit to improperly interfere with Gill's attempts to obtain financing, and a speedy hearing on this simple issue will benefit all involved.

## LAW AND ARGUMENT

MCR 2.605(D) empowers this Court to "order a speedy hearing of an action for declaratory relief" and to "advance" such hearing on the calendar. Because the claim before the Court turns on this simple issue of whether Summit's period of exclusivity has expired, a speedy hearing on this issue will be judicially economical insofar as the determination of this issue may dispose of this matter in its entirety, or at least substantially narrow the remaining issues going forward in this litigation.

In addition, a speedy determination of this issue will benefit all parties and this Court as well as interested third parties. This is particularly important to innocent third parties who are considering providing financing to Gill and who are apprehensive as a result of Summit's improper demands. Gill has contacted parties to provide alternative financing. Gill should be allowed to proceed with a closing. This Court should provide a speedy hearing to resolve the issues that may interfere with a closing.

## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court schedule a speedy hearing on Plaintiff's claim for Declaratory Judgment (Count I).

MILLER JOHNSON<br>
Attorneys for Plaintiff

Dated: March 12, 2018

By _/s/ James R. Peterson_
James R. Peterson (P43102)
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, Michigan 49503
(616) 831-1700
petersonj@millerjohnson.com

2

MJ_DMS 29523927v1 71708-1

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

STATE OF MICHIGAN

KENT COUNTY (17th) CIRCUIT COURT

GILL HOLDING COMPANY, INC., a
Michigan corporation,

        Plaintiff,

vs

SUMMIT PARTNERS CREDIT
ADVISORS, L.P. a New York limited
partnership,

        Defendant.

Case No. 18- 02301-CBB

HON CHRISTOPHER P. YATES
(P-41017)

James R. Peterson (P43102)
Christopher J. Schneider (P74457)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700

## COMPLAINT

Plaintiff, Gill Holding Company, Inc. ("Gill") states:

1.     This is a declaratory judgment action. Defendant, Summit Partners Credit Advisor, L.P. ("Summit") has improperly contended that it has an exclusive right of unlimited duration to provide financing to Gill and has improperly demanded that Gill cease any attempts to pursue alternative financing. Summit is wrong. The exclusivity obligation was limited to 90 days and later extended at Summit's request to 150 days. After that, the exclusivity obligation expired. As a result, Gill is free to pursue alternative financing. Based upon the unreasonable and unsupported position taken by Summit, Gill is also justifiably concerned that Summit will assert an unsupported and inflated claim for expenses allegedly associated with the failure of the parties

to close a financing transaction. Simply stated, Summit is trying to strong-arm Gill into paying millions of dollars in fees that Gill does not owe.

## Parties

2. Gill is a Michigan corporation that, among other things, supplies automotive parts to the automotive industry. Gill's headquarters is in Grand Rapids, Michigan.

3. Summit is a New York limited partnership. Summit does business in Michigan.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction because the amount in controversy, exclusive of interest and costs, exceeds $25,000.

5. Venue is proper because a substantial part of the events or omissions giving rise to this action occurred in this county, because Defendant has conducted and continues to conduct business in this county, and Gill is headquartered in this county.

## Background

6. Beginning in 2016 and continuing into 2017, Gill contemplated selling its business. To facilitate that potential sale, Gill engaged Deloitte Corporate Finance, LLC ("Deloitte") to find a buyer.

7. Deloitte identified potential buyers for Gill, including Jimmie Comer ("Comer").

8. Comer engaged Davis Capital Advisors, LLC ("Davis") as his broker for the potential transaction with Gill.

9. Gill and Comer, through his entity Augusta Acquisition Company, LLC ("Augusta"), entered into a letter of intent in August 2017 ("LOI") for a potential sale of Gill to

2

Augusta. However, Comer needed to obtain both debt and equity financing to complete the contemplated transaction.

10. As Comer's broker, Davis helped Comer seek both debt and equity financing for the potential transaction, including possible debt financing from Defendant Summit Partners Credit Advisors, L.P. ("Summit").

11. On May 26, 2017, Summit and Davis entered into a Confidentiality Agreement (the "Confidentiality Agreement").

12. The Confidentiality Agreement is a routine agreement to protect confidential information provided by Augusta, or by Davis on behalf of Augusta, to Summit.

13. Gill was not a party to the Confidentiality Agreement.

14. The Confidentiality Agreement did not require Gill to pay any fee to Davis or Summit. And it did not in any way prohibit Gill from obtaining financing from Summit or others in a later transaction.

15. The transaction contemplated by the LOI was not timely consummated because Comer/Augusta was not able to obtain debt and equity financing consistent with the terms of the LOI within the time provided under the LOI.

16. When the potential sale did not close as contemplated by the LOI, JP Morgan Chase Bank N.A. ("Chase"), one of Gill's lenders, decided that it no longer wanted to finance Gill. Accordingly, Gill needed to refinance its loan with Chase on an expedited basis.

17. Gill again engaged Deloitte, this time to find a new lender to replace Chase.

18. Deloitte identified a number of parties, including Summit, as potential lenders who could refinance the loan.

19. Summit is a Boston-based private equity investment firm that invests in a broad range of companies in North America and Europe. Upon information and belief, Summit has raised more than $20 billion in capital through multiple equity and fixed income funds.

20. In other words, Summit is a major, global equity investment firm that regularly provides financing to companies.

21. Gill began to work with Summit as a potential lender to refinance Gill.

22. Accordingly, Gill and Summit entered into a term sheet dated September 21, 2017 (the "Term Sheet") to outline certain terms to be included within a definitive agreement for proposed financing. A copy of the Term Sheet, which purports to be confidential, is in the possession of Summit.

23. The Term Sheet contained a 90-day exclusivity provision. The Term Sheet obligated Gill to pay Summit an "alternative transaction fee" if, within 90 days after execution of the Term Sheet, Gill entered into a financing arrangement with a party other than Summit.

24. On January 12, 2018, recognizing that the exclusivity period had expired, Summit requested Gill to agree "to extend the exclusivity per our 9/21/17 term sheet" from 90 to 150 days.

25. On January 17, 2018, Gill agreed to "modify the 9/21/17 term sheet with Summit regarding exclusivity from 90 days to 150 days."

26. Despite this extension, the parties were unable to reach an agreement on the terms of the financing, including appropriate financial covenant levels.

27. Summit failed to provide financing to Gill within the exclusivity period of 150 days.

28. As a result, Gill sought alternative financing as it was permitted to do under the Term Sheet.

29. Summit has wrongfully demanded that Gill cease any attempts to pursue alternative financing.

30. Summit has also threatened legal action against Gill, including seeking injunctive relief (to which it is not entitled) to prevent Gill from consummating an alternative financing transaction.

31. If Gill is prevented from closing alternative financing, as threatened by Summit, Gill will be irreparably harmed.

32. Because Summit is making improper and unsupported demands, Gill brings this declaratory action to resolve the parties' rights and responsibilities.

### Count I – Declaratory Judgment

33. Gill incorporates by reference the preceding paragraphs.

34. Summit has improperly demanded that Gill cease any attempts to pursue alternative financing and has threatened legal action against Gill.

35. But, as Summit knows (and has acknowledged in writing), the exclusivity period in the Term Sheet expired after 90 days, and was then extended to 150 days.

36. Summit has no basis to contend that the exclusivity period has not expired and no basis to demand that Gill not pursue alternative financing.

37. Summit has no basis to demand payment of an alternative transaction fee.

38. Summit also has no basis to inflate a claim for expenses associated with its attempt to finance a transaction with Gill.

39. The facts and circumstances of this case present an actual controversy regarding the contractual and legal rights and obligations of the parties.

40. The rights of the parties can only be determined by a declaratory judgment.

41. Gill is entitled to a declaratory judgment stating: (a) the exclusivity period expired 150 days after September 21, 2017; (b) Gill is not prohibited from pursuing and closing alternative financing; (c) Gill does not owe any alternative transaction fee to Summit; and (d) Summit is not entitled to any expenses associated with the failed transaction other than amounts provided in the Term Sheet.

42. **Therefore**, Gill requests that this Court declare: (a) the exclusivity period expired 150 days after September 21, 2017; (b) Gill is not prohibited from pursuing and closing alternative financing; (c) Gill does not owe any alternative transaction fee to Summit; and (d) Summit is not entitled to any expenses associated with the failed transaction other than amounts provided in the Term Sheet.

MILLER JOHNSON

Attorneys for Plaintiff

Dated: March 12, 2018

By /s/ James R. Peterson
James R. Peterson (P43102)
Christopher J. Schneider (P74457)
Business Address:
   45 Ottawa Avenue SW, Suite 1100
   Grand Rapids, MI 49503
Telephone: (616) 831-1700

STATE OF MICHIGAN

KENT COUNTY (17th) CIRCUIT COURT

GILL HOLDING COMPANY, INC., a
Michigan corporation,

        Plaintiff,

vs

SUMMIT PARTNERS CREDIT ADVISORS,
L.P. a New York limited partnership,

        Defendant.

Case No. 18-02301-CBB

HON. Christopher P. Yates

---

James R. Peterson (P43102)
Christopher J. Schneider (P74457)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700

---

### ORDER SETTING SPEEDY HEARING ON REQUEST FOR DECLARATORY RELIEF

Pursuant to Plaintiff's request for a speedy hearing under MCR 2.605(D), the parties shall appear before the Court on __3-28-18__ at __9:00__ am/pm for a hearing to determine Plaintiff's action for declaratory relief as to its right to pursue and secure alternative financing. Plaintiff shall immediately provide notice of this order to Defendant or its counsel and shall file a proof of service.

Dated: March 13, 2018

_____ P41017
Circuit Court Judge